UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
JUL 16 2013

| UNITED STATES OF AMERICA, | * | CR99-40137-01-RAL |
| --- | --- | --- |
| Plaintiff, | * | |
| vs. | * | OPINION AND ORDER |
| | * | DISMISSING MOTION FOR |
| RONALD N. TOTARO, | * | RELIEF FROM JUDGMENT |
| Defendant. | * | |

## I. INTRODUCTION

Plaintiff Ronald N. Totaro ("Totaro") filed a Motion for Relief from Judgment or Order, Doc. 694, under Rule 60(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, Totaro's motion is denied.

## II. FACTS

Totaro was convicted after a jury trial of 61 counts of mail fraud, wire fraud, money laundering, engaging in unlawful money transactions, and RICO racketeering in 2001 in the United States District Court for the District of South Dakota at a trial conducted by the Honorable Richard Battey. United States v. Totaro, No. 99-40137-RHB, 2010 WL 883773, at *1.[1] Judge Battey's rulings and Totaro's conviction were affirmed by the United States Court of Appeals for the Eighth Circuit. United States v. Totaro, 40 F. App'x 321, 325 (8th Cir. 2002).

Totaro has filed twelve motions attacking his sentence, including at least three that either were filed under 28 U.S.C. § 2255 or that were construed by the district court as successive

---

[1] This Court's previous Opinion and Order dated October 2, 2012, in Totaro v. The Hon. Richard H. Battey, No. 12-4134-RAL, Doc. 8, more fully set forth facts relevant to Totaro's convictions and filings.

habeas petitions. See Totaro v. The Hon. Richard Battey, CIV-12-4143-RAL, Doc. 8 (outlining Totaro's eleven previous motions before construing current motion as a successive motion under § 2255 and dismissing); Doc. 1 at 5-6, 32. All of his motions have been denied. Doc. 1 at 6.

In his most recent filing, Totaro alleges the following: (1) Judge Battey erred when he required the Government make an objection and then sustained that objection; (2) that insufficient evidence existed to convict, an argument that he raised and lost on appeal; (3) that his previous mail fraud conviction was inadmissible at trial, an argument that he raised and lost on appeal; (4) that he did not break the law, which was consistent with his "good faith defense" that he intended to complete the transaction, an argument that he raised and lost on appeal; (5) that the jury instructions were in error; (6) that the jury's verdict was inconsistent; (7) that the prosecution withheld evidence showing his innocence. See generally Doc. 694 at 14-30. Totaro also alleges that he has new evidence in the form of an undated, handwritten note from a witness at his trial that will prove that the Government singled him out for prosecution rather than prosecuting all people involved in the conspiracy. Doc. 694 at 31. Ultimately, Totaro summarizes his Complaint by stating that "[J]udge Battay [sic] repeatedly made clear errors in judgment by applying incorrect legal standards during the trial and failed to permit Totaro from presenting a full and meaningful defense . . . , or resolving his . . . appeals based on the merits of his constitutional claims." Doc. 694 at 32. Thus, "Totaro has suffered a serious deprivation of his constitutional rights" because the underlying judgment is "unjust." Doc. 694 at 33. Totaro believes Rule 60(b)(6) to be the proper mechanism because he has "exhausted every other means available for relief in his twelve (12) prior post-conviction pro se appeals . . . ." Doc. 694.

## III. DISCUSSION

Totaro relies on Rule 60 of the Federal Rules of Civil Procedure to attack his conviction and sentence in a criminal case. Rule 60 exists to correct a civil—not a criminal—judgment. See United States v. Camacho-Bordes, 94 F.3d 1168, 1171 n.2 (8th Cir. 1996); United States v. Salter, No. 2:04-CR-20008, 2009 WL 3850147 at *1 (W.D. Ark. Oct. 20, 2009) ("Rule 60 of the Federal Rules of Civil Procedure do[es] not apply in a criminal case."). Statutes such as 28 U.S.C. §§ 2241, 2254, and 2255 provide the avenues and federal jurisdiction to challenge a criminal conviction. Totaro's invocation of a Federal Rule of Civil Procedure in this criminal case is altogether mistaken. United States v. Eggleston, 24 F. App'x 656 (8th Cir. 2002) ("Rule 60(b) applies only to civil cases").

"It is well-established that inmates may not bypass the authorization requirement of . . . § 2255 action by purporting to invoke some other procedure." United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005). Rule 60(b) of the Federal Rules of Civil Procedure allows a party to seek relief from a court's final judgment and attempt to reopen the case in certain limited circumstances. Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Rule 60(b)(6), the section under which Totaro moves, "permits reopening when the movant shows 'any . . . reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rules 60(b)(1)-(5)." Id. at 528-29 (quoting Fed. R. Civ. P. 60(b)(6)). The Eighth Circuit has outlined how district courts should handle motions filed under Rule 60(b) by a petitioner who has previously been denied habeas corpus relief:

> [W]e encourage district courts, in dealing with purported Rule 60(b) motions following the dismissal of habeas petitions, to employ a procedure whereby the district court files the purported Rule 60(b) motion and then conducts a brief initial inquiry to

3

> determine whether the allegations in the Rule 60(b) motion in fact
> amount to a second or successive collateral attack under either 28
> U.S.C. § 2255 or § 2254. If the district court determines the
> Rule60(b) motion is actually a second or successive habeas
> petition, the district court should dismiss it for failure to obtain
> authorization from the Court of Appeals or, in its discretion, may
> transfer the purported Rule 60(b) motion to the Court of Appeals.
> Depending on which course of action the district court chooses,
> the petitioner may either appeal the dismissal of the purported
> Rule 60(b) motion or, if the district court has elected to transfer
> the purported 60(b) motion to the Court of Appeals, await the
> action of the Court of Appeals.

Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002). Because Totaro has not received certification from the Eighth Circuit for a successive § 2255 motion, his motion under Rule 60 may be denied if it is substantially another collateral attack on his criminal conviction or sentence. Boyd, 304 F.3d at 814.

A Rule 60(b) motion is a second or successive habeas petition when it "seeks to add a new ground for relief" or it "attacks the federal court's previous resolution of a claim *on the merits*." Gonzalez, 545 U.S. at 532; see also Ward v. Norris, 577 F.3d 925, 933 (8th Cir. 2009) (holding that a Rule 60 motion is a second habeas petition if it contains claims that attach a federal court's resolution of a case on the merits); United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) ("A challenge to a federal conviction . . . is most appropriately brought as a motion under 28 U.S.C. § 2255."). A Rule 60(b) motion is proper to address a "defect in the integrity of the federal habeas proceeding." Gonzalez, 524 U.S. at 525.

All of the claims set forth in Totaro's Rule 60(b) motion all challenge the merits of his conviction; some are new claims while others are ones he raised on appeal or in his numerous post-conviction collateral attacks on his conviction. Thus, Totaro's Rule 60(b) motion is substantively a successive habeas petition, making this the fourth habeas petition he has filed.

Under 28 U.S.C. § 2255(h), a successive petition must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals to contain either "newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense;" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Because Totaro has not done so, his Rule 60(b) motion must be denied.

### III. CONCLUSION

For the reasons explained above, it is hereby

ORDERED that the Motion for Relief from Judgment or Order, Doc. 694, is denied.

Dated July 16th, 2013.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE